BRYAN CAVE LLP
Marcy J. Bergman, California Bar No. 75826
Stephanie A. Blazewicz, California Bar No. 240359
Haley T. Albertine, California Bar No. 286946
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone:     (415) 268-2000
Facsimile:      (415) 268-1999
Email:            marcy.bergman@bryancave.com
                     stephanie.blazewicz@bryancave.com
                     haley.albertine@bryancave.com

Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>Plaintiff,<br><br>v.<br><br>GOJANE LLC, a Delaware limited liability company; AEROPOSTALE, INC., a Delaware corporation; and DOES 1-50,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR**<br><br>**(1)   FEDERAL TRADEMARK INFRINGEMENT**<br>**(2)   FEDERAL FALSE DESIGNATION OF ORIGIN**<br>**(3)   TRADEMARK DILUTION**<br>**(4)   CALIFORNIA STATUTORY UNFAIR COMPETITION**<br>**(5)   COMMON LAW UNFAIR COMPETITION**<br>**(6)   CALIFORNIA STATUTORY TRADEMARK DILUTION**<br><br>**DEMAND FOR JURY TRIAL** |

1
COMPLAINT

SF01DOCS\168782.1\C070820\0353054

1. Plaintiff AirWair International Ltd. is a wholly owned subsidiary of R. Griggs Group Ltd. and is engaged in the design, manufacture, marketing and sale of Dr. Martens® footwear (Airwair International Ltd. and R. Griggs Group Ltd. are referred to collectively hereafter as "AirWair"). Airwair International Ltd. and its parent company, R. Griggs Group Ltd., are companies of the United Kingdom, located and doing business at Cobbs Lane, Wollaston, Wellingborough, Northamptonshire, NN29 7SW, United Kingdom.

2. On information and belief, defendant Aeropostale, Inc. ("Aeropostale") is a Delaware corporation with its principal place of business at 125 Chubb Avenue, 5th Floor, Lyndhurst, New Jersey 07071.

3. On information and belief, defendant GoJane LLC ("GoJane") is a Delaware limited liability company with its principal place of business at 112 West 34th Street, 22nd Floor, New York, New York 10120. On information and belief, GoJane is a subsidiary of Aeropostale.

4. Aeropostale manufactures, markets, distributes and sells clothing and footwear products in the United States and within this District through its website, http://www.aeropostale.com/. Aeropostale's footwear products are the subject matter of this action.

5. GoJane manufactures, markets, distributes and sells clothing and footwear products in the United States and within this District through its website, http://www.gojane.com/. GoJane's footwear products are also the subject matter of this action.

6. Defendants sued as DOES 1 through 50 are persons or entities whose identities are not yet known to AirWair ("Doe Defendants"). Plaintiff will seek leave of Court to substitute their true names when they become known.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq.

2
COMPLAINT

SF01DOCS\168782.1\C070820\0353054

8. This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that this case arises under claims joined with a substantial and related claim under the trademark laws of the United States.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants Aeropostale and GoJane (hereafter, "Defendants") conduct business within this District and have engaged in, and continue to engage in, acts of advertising and offering services and retail goods and products to consumers located within this District.

## FACTUAL ALLEGATIONS

10. AirWair is headquartered in the village of Wollaston, England and, through its predecessor company, has manufactured footwear since 1901. AirWair has been manufacturing and marketing Dr. Martens footwear since 1960.

11. Since as early as 1984, AirWair has marketed and sold Dr. Martens® boots, shoes and sandals in the United States using a distinctive trade dress that features yellow stitching in the welt area of the sole, a two-tone grooved sole edge and a black fabric heel loop.

12. Dr. Martens footwear is widely recognized and extremely popular and has achieved recognition as ranking among the world's greatest and most recognizable brands. The distinctive trade dress of its iconic boots and shoes has been used by the company since 1960 and is world famous. Over the past 25 years, millions of pairs of shoes, boots and sandals with the distinctive trade dress have been sold in the United States.

13. AirWair holds many registrations for its trade dress throughout the world including the following registrations in the United States Patent and Trademark Office:

- "the combination of yellow stitching in the welt area and a two-tone grooved sole edge" (Reg. No. 2,437,751, attached as **Exhibit 1**);

- the yellow "welt stitch located around the perimeter of footwear" (Reg. No. 2,437,750, attached as **Exhibit 2**);

- its DMS undersole design mark (Reg. No. 2,102,468, attached as **Exhibit 3**, the "DMS Design Mark");

- "the design of an [*sic*] sole edge including longitudinal ribbing, and a dark color band over a light color" (Reg. No. 2,104,349, attached as **Exhibit 4**); and

- "longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab at the top back heel of footwear" (Reg. No. 2,341,976, attached as **Exhibit 5**).

14. All of the above trademarks ("Trademarks") and trade dress marks ("Trade Dress") (collectively "Registered Marks") have been in use for over 50 years, and have been used in the United States since 1984.

15. AirWair has filed declarations of continued use under Sections 8 and 15 of the Lanham Act and the Registered Marks referenced in Exhibits 1, 2, and 3, which marks have become incontestable.

16. In 2010, AirWair celebrated the 50th anniversary of its classic Dr. Martens footwear with its distinctive Trade Dress including yellow welt stitching, two-tone grooved sole edge and the heel loop.

17. Examples of classic Dr. Martens footwear, including the 1461 shoe are shown below.



18. The distinctive Dr. Martens Trade Dress is distinctive or has acquired distinctiveness, and is non-functional.

19. AirWair is informed and believes that Defendants have in the past and continue to market, distribute and sell boots and shoes that are confusingly similar to and which unlawfully copy the distinctive Dr. Martens Trade Dress in violation of its rights in the Registered Marks.

4
COMPLAINT

Defendants manufacture, market and sell a range of infringing products, including but not limited to the:

- "Casual Lace-Up Boot"
- "Clear It Up Boots"
- "Combat Zone Boots"
- "Down and Punky Metallic Boots"
- "Faux Patent Leather Combat Boots"
- "Floral Combat Boots"
- "Flower Bomb Boots"
- "Floral Blossom Lace-Up Boots"
- "Full Combat Faux Leather Boots"
- "Garden Party Combat Boots"
- "Houndstooth Sleuthing Boots"
- "IC Right Thru U Boots"
- "In Full Combat Boots"
- "Smooth Transition Lace-Up Boots"
- "Velvet Combat Boots"

(the "Infringing Footwear"). Images of the Infringing Footwear offered for sale and sold through Aeropoestale's website www.aeropostale.com and GoJane's website www.gojane.com are attached hereto as **Exhibit 6**.

20. The Infringing Footwear unlawfully copies and uses the distinctive Dr. Martens Trade Dress, including yellow and contrasting color welt stitching, a two-tone grooved sole edge, the DMS undersole pattern, and black fabric heel loop.

21. The overall configuration and appearance of the Infringing Footwear is virtually identical to the iconic Dr. Martens 1460 boot, as shown below, and is likely to cause confusion as to the source, sponsorship or origin of the Infringing Footwear:

*[The balance of this page is intentionally left blank.]*

SF01DOCS\168782.1\C070820\0353054



**Genuine Dr. Martens® 1460 Boot**



**Aeropostale Infringing Footwear**
"Faux Patent Leather Combat Boots"



**Genuine Dr. Martens® 1460 Boot**



**GoJane Infringing Footwear**
"Full Combat Faux Leather Boots"



**Genuine Dr. Martens® 1460 Boot**



**GoJane Infringing Footwear**
"IC Right Thru U Boots"

22. The Infringing Footwear is offered for sale, advertised and promoted in the United States, including this District, through the Aeropostale website at www.aeropostale.com and the GoJane website at www.gojane.com. Defendants also advertise through Facebook (https://www.facebook.com/aeropostale and https://www.facebook.com/pages/GoJane/111961055501695), Twitter (https://twitter.com/aeropostale and https://twitter.com/gojanedotcom), YouTube (http://www.youtube.com/a87video), Google Plus (https://plus.google.com/+gojane/posts), Pinterest (http://www.pinterest.com/gojane/), Instagram (http://instagram.com/gojanedotcom), and Blogspot (http://blog.gojane.com/), marketing and promoting the Infringing Footwear in California.

23. AirWair is informed and believes that the infringing footwear is regularly sold in California and in the Northern District of California. True and correct receipts from the purchase of Infringing Footwear from a brick-and-mortar Aeropostale store and www.gojane.com are attached hereto as **Exhibit 7**.

24. Defendants' offering for sale and sale of the Infringing Footwear is likely to cause and has caused confusion between Dr. Martens footwear and Defendants' footwear.

25. AirWair is informed and believes that Defendants are familiar with the Dr. Martens Trade Dress and Trademarks, and intentionally copied the same in their Infringing Footwear. The use of the Dr. Martens Trade Dress and Trademarks on the Infringing Footwear suggests a sponsorship and affiliation that does not exist.

26. Defendants have no right to use the Dr. Martens Trade Dress or Trademarks. Defendants' sale, advertisement, distribution, and promotion of the Infringing Footwear in the United States is without authorization or consent from AirWair.

27. Defendants' conduct in copying the Dr. Martens Trade Dress and Trademarks has been systematic and deliberate. Defendants have copied the Dr. Martens Trade Dress, Trademarks, and the overall style and configuration of Dr. Martens boots and shoes as closely as possible in a deliberate and calculated attempt to trade upon the popularity and distinctive

appearance and design of Dr. Martens footwear.

28. By reason of Defendants' acts, AirWair has suffered and will continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits AirWair would have realized but for Defendants' acts. Unless restrained and enjoined, Defendants will continue to engage in the acts complained of and irreparably damage AirWair. AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from Defendants' actions.

## FIRST CLAIM FOR RELIEF

## (Trademark Infringement in Violation of

## Lanham Act Section 32, 15 U.S.C. Section 1114)

29. AirWair realleges and incorporates by reference paragraphs 1 through 28 of this Complaint.

30. Defendants have, on or in connection with footwear products, used in commerce subject to regulation by the U.S. Congress, a reproduction, counterfeit, copy or colorable imitation of the Dr. Martens Trade Dress and Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

31. Defendants have, on or in connection with footwear products, reproduced, counterfeited, copied and/or imitated the Dr. Martens Trade Dress and Trademarks and have applied such reproductions, counterfeits, copies and/or colorable imitations to footwear, signs, displays, advertisements, promotional materials, packaging, website content, and other materials used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

32. Defendants are acting and have acted with knowledge that their unlawful copying and use of the Dr. Martens Trade Dress and Trademarks are counterfeit and such imitation is intended to cause confusion, or to cause mistake, or to deceive.

33. Defendants' acts are in violation of 15 U.S.C. § 1114, and AirWair has been and is likely to be damaged by these acts.

SF01DOCS\168782.1\C070820\0353054

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition and False Designation of Origin**

**in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

34. AirWair realleges and incorporates herein by reference paragraphs 1 through 33 of this Complaint.

35. Defendants' unlawful copying and use of the Dr. Martens Trade Dress and Trademarks in connection with their footwear products is a false and misleading designation of origin and a false and misleading representation of facts, which:

    (a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with AirWair, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by AirWair; and/or

    (b) in commercial advertising or promotion, misrepresent the nature, characteristics, or qualities of Defendants' goods, services, or commercial activities.

36. Defendants' acts are in violation of 15 U.S.C. § 1125(a), and AirWair has been and is likely to be damaged by these acts.

## THIRD CLAIM FOR RELIEF

**(Federal Trademark Dilution in Violation of**

**Lanham Act Section 43(c), 15 U.S.C. § 1125(c))**

37. AirWair realleges and incorporates herein by reference paragraphs 1 through 36 of this Complaint.

38. The Dr. Martens Trademarks and Trade Dress are distinctive and famous in the United States. Defendants have used and are using trademarks and trade dress on their footwear products which are substantially indistinguishable from the Dr. Martens Trade Dress and Trademarks, after they became famous.

39. On information and belief, Defendants acted with knowledge of the fame and reputation of the Dr. Martens Trade Dress and Trademarks with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

40. Defendants' actions have and are likely to dilute, blur and tarnish the distinctive

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

quality of the Dr. Martens Trade Dress and Trademarks, and lessen the capacity of the Dr. Martens Trade Dress and Trademarks to identify and distinguish the company's products.

41. Defendants' acts are in violation of 15 U.S.C. § 1125(c), and AirWair has been and is likely to be damaged by these acts. Unless Defendants are restrained, AirWair will continue to suffer damages and injury to its reputation and goodwill.

42. Because Defendants acted willfully and intentionally to trade on AirWair's reputation and/or cause dilution of its famous Trademarks and Trade Dress, AirWair is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of California Business & Professions Code Section 17200, et seq.)

43. AirWair realleges and incorporates herein by reference paragraphs 1 through 42 of this Complaint.

44. Defendants' acts including the unlawful use and imitation of the Dr. Martens Trade Dress and Trademarks in connection with the manufacture, marketing, distribution and sale of footwear products constitute an unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, et seq.

45. Defendants' pattern and practice of imitating the Dr. Martens Trade Dress and Trademarks in connection with their footwear products, and of trading upon AirWair's goodwill and reputation, constitutes an unfair business practice in violation of California Business and Professions Code §§ 17200, et seq.

46. Defendants' conduct was willful, and AirWair has been and is likely to be damaged by these acts.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

47. AirWair realleges and incorporates by reference paragraphs 1 through 46 of this Complaint.

48. Defendants' use and imitation of the Dr. Martens Trade Dress and Trademarks and the combination of its style features in footwear constitutes infringement, copying, imitation, and misappropriation of AirWair's intellectual property, unjust enrichment of Defendants, and unfair competition with AirWair in violation of AirWair's rights under the common law of the State of California and other states of the United States.

49. Defendants' willful acts of misrepresentation, fraud and deceit have unjustly enriched Defendants and violated AirWair's rights.

## SIXTH CLAIM FOR RELIEF

### (Dilution in Violation of California Business & Professions Code Section 14247, et seq.)

50. AirWair realleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

51. The Dr. Martens Trade Dress and Trademarks have become famous, in that they are widely recognized by the general consuming public of this state as a designation of source AirWair's high quality goods and services.

52. After the Dr. Martens Trade Dress and Trademarks became famous, Defendants began using trade dress and trademarks in connection with the Infringing Footwear that are substantially identical to the Dr. Martens Trade Dress and Trademarks.

53. Defendants' actions have diluted, blurred and tarnished the strong and positive associations represented by the Dr. Martens Trade Dress and Trademarks by lessening the capacity of the Dr. Martens Trade Dress and Trademarks to identify and distinguish AirWair's products and by causing AirWair's products and the Dr. Martens Trade Dress and Trademarks to be associated with footwear not made, sponsored or approved by AirWair.

54. Defendants' acts are in violation of California Business & Professions Code sections 14247, et seq., and AirWair has been and is likely to be damaged by these acts.

## PRAYER FOR RELIEF

Wherefore, AirWair prays for judgment in its favor and against Defendants:

A. A preliminary and permanent injunction enjoining Defendants, their officers,

1  shareholders, agents, servants, employees, attorneys, successors and assigns, suppliers,
2  manufacturers, distributors, business partners, e-tailers, retailers, and those in privity with them,
3  and those persons in active concert or participation with any of them who receive actual notice of
4  the judgment by personal service or otherwise, from manufacturing, marketing, distributing or
5  selling the Infringing Footwear or any other footwear products that use, imitate or copy any of the
6  Dr. Martens Trade Dress or Trademarks, as illustrated in **Exhibits 1-5**, or any combination of
7  them.

8       B.     An Order directing Defendants to file with this Court and serve on AirWair's
9  counsel within 30 days after service of an injunction, a report under oath setting forth in detail the
10 manner and form in which Defendants have complied with the injunction.

11      C.     An Order that (1) all point-of-sale materials, labels, signs, boxes, prints, catalogs,
12 line sheets, marketing materials, internet web pages, metatags, packages, papers, other trade dress,
13 and advertisements in the possession or control of Defendants bearing images, illustrations, or
14 representations of the enjoined footwear, Trade Dress, Trademarks, and all plates, molds,
15 matrixes, and other means of making the same, be delivered to AirWair's counsel or destroyed and
16 (2) that Defendants disclose the identities of the vendors and manufacturers of the Infringing
17 Footwear and sole molds.

18      D.     An accounting for Defendants' profits arising from Defendants' unfair competition
19 and trademark infringement and an award of Defendants' profits to Plaintiff, including disclosure
20 of the number of pairs of Infringing Footwear sold in the United States and internationally and an
21 accounting for the gross revenue derived from sale of the Infringing Footwear.

22      E.     An award of damages sustained by Plaintiff.

23      F.     In the alternative to actual damages and profits, an award of statutory damages in
24 an amount of not more than $1,000,000 per counterfeit mark per type of services and/or goods
25 sold or offered for sale by Defendants.

26      G.     An award of treble the actual damages awarded.

27      H.     Pre-judgment and post-judgment interest on the above damage awards.

28      I.     An award of costs and reasonable attorney's fees and expenses incurred by AirWair

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

1 | in connection with this action.

2 |     J.    Such other and further relief which this Court may deem just.

## DEMAND FOR JURY TRIAL

AirWair hereby demands a trial by jury.

Dated:  November 14, 2013

**BRYAN CAVE LLP**

By:  */s/ Haley T. Albertine*
     Marcy J. Bergman
     Stephanie A. Blazewicz
     Haley Albertine
Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105